IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:12-CR-0018-04-RWS-JCF |
| PHILLIP ALEXANDER and BENNY LEVERTT | : | |
| | : | |

### ORDER and FINAL REPORT AND RECOMMENDATION

This case is before the Court on both Defendants' Motion to Dismiss Indictment Based on Failure to Allege Criminal Offenses (Docs. 229, 234); Defendant Alexander's Motion to Quash Indictment or to Compel Election of Indictments (Doc. 230); and Defendant Leverett's Motion to Sever (Doc. 226). Because the Superseding Indictment sufficiently alleges criminal offenses against Defendants, it is **RECOMMENDED** that their motions to dismiss be **DENIED**. The undersigned further **RECOMMENDS** that Defendant Alexander's motion to quash indictment or compel election of indictments be **DENIED as moot** because the Court has dismissed the Second Superseding Indictment filed in Criminal Action No. 2:12-CR-022-RWS-JCF as to Defendant Alexander. Finally, Defendant Leverett has not shown that joinder is improper or that he will suffer compelling prejudice if he is tried jointly with Alexander. Therefore, it is **RECOMMENDED** that Leverett's motion to sever be **DENIED**.

1

**Factual And Procedural History**

An Indictment filed July 17, 2012 (Doc. 1) charged Defendant Phillip Alexander with conspiring with his co-defendants Walt Verrill, Benny Leverett, and Dan Redding to aid and abet "Griff" (an undercover agent) in the possession of methamphetamine with the intent to distribute, from June 24, 2011 until September 30, 2011 (Count Two). The Indictment also charged Defendant Alexander with aiding and abetting Griff in the possession or attempted possession of methamphetamine with the intent to distribute on or about July 28, 2011 and September 22, 2011 (Counts Four, Six, and Seven).

The Government represents that these charges resulted from "a two year undercover investigation conducted by the FBI into the criminal activities of the Outlaw Motorcycle Club (OMC) and its affiliated gangs in North Georgia." (Doc. 93 at 2). The Government further states that "[t]he indictments, discovery, and proffers by the Government at the Defendants' detention hearings have revealed the following information about the undercover investigation":

> The FBI, through the use of an undercover agent and cooperating individuals, developed evidence that members and persons associated with the OMC and its affiliates were involved in illegal drug and firearms trafficking which led to multiple indictments.
> Brad Smith ["Smith"], the then-President of the Black Pistons Motorcycle Club's Cleveland, Georgia chapter, an OMC-affiliated gang, was working as an FBI confidential informant. Smith introduced an undercover law enforcement officer ["Griff" or "Griffin"] to the motorcycle gang community in North Georgia. Griff posed as Smith's long-time friend and a big time drug dealer from

>Florida who was looking to expand his drug trafficking business into North Georgia and Tennessee.  The FBI's investigation included using Smith and Griff to record conversations with targets concerning their criminal activities; Griff purchasing and attempting to purchase illegal drugs, including methamphetamine, marijuana and LSD; and Griff paying members and persons associated with the OMC and its affiliates to provide protection for both real and sham drug deals.

(*Id.* at 2-3).

Meanwhile, in a separate case, *United States v. Honeycutt, et al.*, 2:12-CR-022-RWS-JCF, the Government charged Defendant Alexander and others, but not Leverett, with similar offenses arising from the same investigation.  (*See* Docs. 1, 154, 298 in 2:12-CR-022).  Specifically with respect to Defendant Alexander, the Second Superseding Indictment charged that he conspired with other co-defendants to aid and abet Griff in the possession of cocaine with the intent to distribute from July 11, 2012 until July 19, 2012 (Count Three) and attempted to aid and abet Griff in the possession of cocaine with the intent to distribute on July 11, 2012 (Count Four).  (*See* Doc. 298 in 2:12-CR-022).  On December 23, 2013, with Alexander being the only defendant remaining to be tried in 2:12-CR-022[1], and Alexander and Leverett being the only defendants remaining to be tried in this case, District Judge Richard W. Story granted Alexander's motion to consolidate the cases and directed that "[t]he charges and Defendants remaining in both Indictments shall be

---

[1] Defendant David Rizo-Troncoso is a fugitive according to the Government.  (*See* Doc. 245 at 3).

joined together for a single trial." (*See* Docs. 173, 185; *see also* Docs. 354 and 369 in 2:12-CR-022).

On April 8, 2014, the Government filed a Superseding Indictment in this case, which charges that: Defendants Alexander "a/k/a 'Skull' " and Leverett "a/k/a 'Outlaw Benny' " conspired to aid and abet Griff in the possession of methamphetamine with the intent to distribute from June 24, 2011 until September 30, 2011 (Count One); Alexander attempted to aid and abet Griff in the possession of methamphetamine with intent to distribute on July 28, 2011 (Count Two); Alexander attempted to aid and abet Griff in the possession of methamphetamine with the intent to distribute on September 22, 2011 (Count Three); Alexander conspired with others (but not Leverett) in the possession of cocaine with the intent to distribute from July 11, 2012 until July 19, 2012 (Count Four); and Alexander attempted to aid and abet Griff in the possession of cocaine with the intent to distribute on July 11, 2012. (Doc. 213). The Superseding Indictment also contains a forfeiture provision. (*Id.*). Thus, the Superseding Indictment in this case essentially combines the charges against Defendants Alexander and Leverett from the Indictment filed in this case as well as the charges against Defendant Alexander in the Second Superseding Indictment in 2:12-CR-022. On May 6, 2014, the Court dismissed the indictment against Alexander in 2:12-CR-022 at the Government's request. (*See* Doc. 401 in 2:12-CR-022).

Briefing is now complete on Defendants' pending motions, and the undersigned considers their merits.

## Discussion

### I. Defendants' Motion To Dismiss Indictment For Failure To Allege a Crime (Docs. 229, 234)

Defendants "move[] to dismiss the superseding indictment (Doc. 213) on the grounds that it does not state a basis for criminal culpability as to [Defendants]." (*See* Doc. 229 at 1). Specifically, Defendants contend:

> In all five (5) counts of the indictment, the alleged co-conspirator and actor is a Government agent. No criminal offense is alleged because a defendant cannot conspire with a Government agent and a defendant cannot "aid and abet" a Government agent who is not committing a crime. The defendants are charged with committing double inchoate offenses, and the charges are not based on any viable substantive offense.

(*Id.*). As the Government points out, these arguments are virtually identical to those made by Defendant Alexander and others in seeking dismissal of the Second Superseding Indictment in 2:12-CR-022 (*see* Docs. 346, 351 in 2:12-CR-22), which, as in this case, "allege[d] [a] conspirac[y] to aid and abet an undercover agent in the possession of certain controlled substances with intent to distribute," and "allege[d] that Defendant Alexander attempted to aid and abet an undercover agent in the possession of certain controlled substances with intent to distribute." (Doc. 242 at 5; *see also* Doc. 298 in 2:12-CR-022). The undersigned rejected those arguments in a February 20, 2014 Report and Recommendation (Doc. 380 in

5

2:12-CR-022), incorporated herein by reference, that was adopted by District Judge Richard W. Story (*see* Doc. 404 in 2:12-CR-022).

In denying the defendants' motions to dismiss the conspiracy count charged in that indictment, the undersigned found that the indictment "sufficiently alleges the elements of a conspiracy under [21 U.S.C.] § 846:

> Here, the Second Superseding Indictment charges that Defendants "did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other" to commit an unlawful act, i.e., to violate 21 U.S.C. § 841(a), by aiding and abetting "Griff" in the possession of cocaine with intent to distribute. That it would have been impossible for "Griff," a federal agent, to commit the substantive crime is not fatal to this charge, as illustrated in *United States v. Petit*, 841 F.2d 1546 (11th Cir. 1988), a case relied on by the Government.

(Doc. 380 in 2:12-CR-022 at 11-12). For the same reasons, the undersigned finds that Counts One and Four (the conspiracy counts) of the Superseding Indictment in this case also sufficiently allege the elements of conspiracy, notwithstanding the fact that they charge Defendants with conspiring with each other to aid and abet a federal agent in the possession of a controlled substance with the intent to distribute.

In denying the defendants' motion to dismiss the attempt counts, the undersigned found that the indictment "sufficiently sets forth the elements of the charged offenses and identifies the crime the Government alleges Defendants attempted to commit, i.e., aiding and abetting 'Griff' to possess cocaine with the

intent to distribute on dates provided in the Indictment." (*Id.* at 13). The defendants argued in that case, as Defendants argue in this case:

> that they cannot attempt to aid and abet a federal agent in the possession of fake drugs because the underlying substantive act was not criminal . . . . They contend that their alleged criminal liability is derivative of the principal's—Griff's—liability, but because Griff did not act with criminal intent, then they cannot be charged with attempting to aid and abet a non-crime.

(*Id.* at 13-14). The Court rejected those arguments, however, because "[r]elevant and persuasive authority supports the Government's contention that impossibility is not a defense to a charge of attempt," citing *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002), *United States v. Washington*, 106 F.3d 983 (D.C. Cir. 1997), *United States v. Partida*, 385 F.3d 546 (5th Cir. 2004), *United States v. Gutierrez*, 343 F.3d 415 (5th Cir. 2003), and *United States v. Cartlidge*, 808 F.2d 1064 (5th Cir. 1987). (Doc. 380 in 2:12-CR-022 at 14-17). For the same reasons, the undersigned finds that Counts Two, Three, and Five of the Superseding Indictment in this case sufficiently allege the elements of the charged offenses, and do not fail to allege a criminal offense as Defendants contend.

Accordingly, it is **RECOMMENDED** that Defendants' motions to dismiss the Superseding Indictment for failure to allege criminal offenses (Docs. 229, 234) be **DENIED**.

## II. **Defendant Alexander's Motion To Quash Indictment Or Compel Election of Indictments (Doc. 230)**

Defendant moves the Court to quash or compel election of one of the indictments against him pending in this case and in 2:12-CR-022-RWS-JCF when he filed his motion to quash. In response, the Government points out that the Court has dismissed the indictment in 2:12-CR-022-RWS-JCF as to Defendant Alexander at the Government's request. (Doc. 237; *see also* Docs. 397, 401 in 2:12-CR-022-RWS-JCF). Therefore, it is **RECOMMENDED** that Defendant's motion to quash indictment or compel election of indictments be **DENIED as moot**.

### III.    Defendant Leverett's Motion To Sever (Doc. 226)

Defendant Leverett moves to sever the trial of Counts Four and Five, which involve a conspiracy that is alleged against Alexander but not Leverett, from the trial of Counts One, Two, and Three, which relate to the conspiracy alleged against him and Alexander. Defendant Leverett contends that a joint trial of Defendants is improper under Federal Rule of Criminal Procedure 8(b), and further argues that the Court should sever the trial of these Counts pursuant to Federal Rule of Criminal Procedure 14 to prevent undue prejudice to Defendant. (Doc. 226 at 3-8). The undersigned disagrees.

As an initial matter, Judge Story has already ordered that the charges contained in the Superseding Indictment filed in this case be tried together, at the

request of Defendant Alexander. In his motions to consolidate, Alexander asserted the following:

> The alleged offenses charged against the remaining defendants in both indictments could have been joined together in a single indictment. A trial of these indictments together will serve the interests of justice while substantially reducing the time, expense and prejudicial impact of proceeding with two separate trials.
> The Government has consented to a consolidation of these indictments for a single trial. Alexander is one of the two remaining defendants still going to trial on Indictment No. 2:12-CR-018. Alexander is also the only defendant named in both of these indictments. Alexander will be severely prejudiced if he must present the same defense to charges based on related conduct in two separate trials.
> The consolidation of these indictments for trial is appropriate because they both involve the same series of transactions, they require testimony from many of the same witnesses, and they allege related charges against the same defendant.

(*See* Doc. 173 at 1-2). Judge Story granted the motions and directed that "[t]he charges and Defendants remaining in both Indictments shall be joined together for a single trial." (*See* Doc. 185). Leverett did not object to Alexander's motions to consolidate, nor has he shown that joinder is improper.

Rule 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

9

FED. R. CRIM. P. 8(b).  Here, Count One charges Alexander and Leverett with a conspiracy, and therefore, they are properly joined.  *See United States v. Pepe*, 747 F.2d 632, 650 (11th Cir. 1984) (explaining that the general rule is "that coconspirators should normally be tried jointly").  The fact that Leverett is not charged in the other Counts does not show that Leverett and Alexander are improperly joined—Rule 8(b) specifically provides that "all of the defendants need not be charged in each count."

Moreover, Leverett has not shown that a joint trial will prejudice him.  Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  *See* FED. R. CRIM. P. 14(a).  A court addressing a motion for severance under Rule 14 is to "balance the rights of the defendants and the government to a trial that is free from the prejudice that may result from joint trials against the public's interest in efficient and economic administration of justice."  *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001) (quoting *Pepe*, 747 F.2d at 649).  The Supreme Court has recognized "a preference in the federal system for joint trials of defendants who are indicted together."  *See Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

The Eleventh Circuit has noted that "[i]nherent in every joint trial is, of necessity, some degree of bias." *United States v. Lippner*, 676 F.2d 456, 464 (11th Cir. 1982) (quotation omitted). The court explained in *Lippner* that "a severance under Rule 14 is discretionary with the trial judge," and "[o]nly in the event such prejudice appears to be compelling does severance become warranted." *Id.* at 464 (quotation omitted). The test for "compelling prejudice" involves assessing

> [w]hether under all circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*Id.* (quotation omitted). "The burden is on the defendant to demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (quotation omitted). "This is a heavy burden, and one which mere conclusory allegations cannot carry." *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993) (quotation omitted). Furthermore, "[i]n order to overcome [the] presumption [that coconspirators should be tried together] and to establish that severance of Defendants is mandated pursuant to Rule 14, Defendant must not only show specific prejudice but also that 'there is a serious risk that a joint trial would compromise a specific trial right of

11

one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' " *United States v. Villa[n]ueva Pineda*, No. 1:11-CR-00006-CAP-JFK, 2012 U.S. Dist. LEXIS 98692, at *156 (N.D. Ga. June 4, 2012) (quoting *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004)), *adopted by* 2012 U.S. Dist. LEXIS 98192 (N.D. Ga. July 16, 2012).

Defendant contends that the Court should sever the trial of Counts One, Two, and Three from the trial of Counts Four and Five because "[t]he joinder, whether proper or not, will cause great harm to Mr. Leverett by injecting evidence of unrelated extortions and drug crimes into the trial of Mr. Leverett's charges." (Doc. 226 at 6). In support of his contention that he "will suffer compelling prejudice," Defendant asserts:

> A jury asked to consider these separate conspiracies and multiple acts at the same time may be unable to fairly consider any of them. Mr. Leverett will be unfairly prejudiced by the evidence of the unrelated crimes allegedly committed by his co-defendant. There is a great risk the jury will convict . . . Mr. Leverett on the entire set of crimes, rather than carefully parsing the evidence on each defendant in each count.

(*Id.* at 7). Defendant also contends that he "will be prejudiced by going to trial with a person known as 'Skull,' be he 'Skull F---er' or not." (*Id.* at 7-8).

The undersigned finds that Defendant has not shown specific prejudice resulting from a joint trial, nor has he shown a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from

12

making a reliable judgment about guilt or innocence." *Villa[n]ueva Pineda*, 2012 U.S. Dist. LEXIS 98692, at *156.  To the extent that Defendant is concerned about the jury's ability to distinguish between the evidence against Defendant and that against his co-defendant, "[a] disparity in the evidence admissible against one defendant as compared to his co-defendant is not a sufficient basis for a severance." *United States v. Goduto*, No. 1:11-CR-230-JEC-GGB, 2011 U.S. Dist. LEXIS 152750, at *6-7 (N.D. Ga. Nov. 29, 2011), *adopted by* 2012 U.S. Dist. LEXIS 12723 (N.D. Ga. Feb. 2, 2012).

In addition, Defendant Leverett's colorful contention that he would be prejudiced by going to trial with a person known as "Skull," presumes too much.  It assumes that the jury is likely (1) to draw impermissible negative conclusions from that nickname, and (2) then to apply those negative connotations not to "Skull," but to his co-defendant.  Defendant's argument fails on both fronts.  Putting aside any suppositions based on the nickname as set forth as "Skullf---er" in earlier indictments, Defendant has failed to explain how the nickname "Skull" carries any inherently negative or prejudicial connotations.[2]  Under these circumstances, the phantom risk of prejudice to Mr. Leverett from his co-defendant being nicknamed "Skull" does not justify severance.

---

[2] The nickname could reflect hardheadedness, a fondness for Halloween, ownership of a particular brand of headphones, a prominent cranial ridge, an interest in pirates, or perhaps even support for one of the numerous rock bands which have employed skulls prominently in their merchandising.

13

Critically, Defendant has not provided this Court with a basis for concluding that the jury will not be able to follow the Court's instructions, including those governing the jury's consideration of evidence as to each defendant. Many jury instructions are designed to mitigate the potential prejudicial effect of jointly trying defendants. For example, the Eleventh Circuit Pattern Jury Instructions for Criminal Cases include instructions on requiring the jury to consider each charge against each defendant separately, and directing the jury that a conclusion that one defendant's guilt should not affect the jury's verdict as to other defendants. *See, e.g.*, *United States v. Lisbon*, 835 F. Supp. 2d 1329, 1371 (N.D. Ga. 2011) (considering pattern jury instructions in concluding severance was not warranted). If needed, the trial court has the authority to craft additional limiting instructions.

To that end, the Government represents that it "intends to present all testimony and evidence regarding Counts One, Two, and Three, then present all testimony and evidence regarding Counts Four and Five." (Doc. 245 at 7). Further, "[i]n order to lessen any confusion on the part of the jury, the Government intends to call [Michael Griffin, the one witness common to all counts] twice, first to present evidence about Counts One, Two, and Three, and second to present evidence about Counts Four and Five." (*Id.*). The Government proposes that upon completion of its presentation of the evidence in support of Counts One through

14

Three, "the Court can give the jury an instruction that the remaining evidence that will be presented by the Government pertains to defendant Alexander only and that the jury is not permitted to consider that evidence against defendant Leverett." (*Id.*). Defendant has not shown that jurors would be unable to follow such instructions.

Moreover, if Defendant demonstrates compelling prejudice at trial, the trial court can order that the trials of the defendants be severed. *See, e.g.*, *United States v. Kopituk*, 690 F.2d 1289, 1316 (11th Cir. 1982) (noting that the trial court has a "continuing duty at all stages of the trial to grant a severance if prejudice does appear" (internal quotation omitted)); *United States v. Hughes*, No. 2:08-CR-0019-RWS-SSC, 2008 U.S. Dist. LEXIS 109585, at *11 (N.D. Ga. Oct. 3, 2008) ("Should it become apparent at a later point in the prosecution of this case that prejudice to Defendant from trial of all [defendants] together is 'clearly beyond the curative power of a cautionary instruction,' Defendant may renew his motion."), *adopted by* 2009 U.S. Dist. LEXIS 69023 (N.D. Ga. Aug. 4, 2009). Because the undersigned finds that Defendant has not shown at this point that compelling prejudice will result from a joint trial with his co-defendant, it is **RECOMMENDED** that Defendant's motion to sever (Doc. 226) be **DENIED without prejudice** to his right to renew his motion if circumstances at trial support severance.

## Summary

It is **RECOMMENDED** that Defendants' Motion to Dismiss Indictment Based on Failure to Allege Criminal Offenses (Docs. 229, 234) be **DENIED**; that Defendant Alexander's Motion to Quash Indictment or to Compel Election of Indictments (Doc. 230) be **DENIED as moot**; and that Defendant Leverett's Motion to Sever (Doc. 226) be **DENIED without prejudice**.

It is further **ORDERED** that subject to a ruling by the District Judge on any objections to orders or recommendations of the undersigned Magistrate Judge, this case is **certified ready for trial**.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 25th day of June, 2014.

/s/ *J. Clay Fuller*
J. CLAY FULLER
United States Magistrate Judge